# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JUAN HERRERA, et al., | CASE NO. 09cv0756 JM(WMc) |
|---|---|
| Plaintiffs, | ORDER DENYING JOINT MOTION FOR STAY OF PROCEEDINGS |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On or about February 12, 2010, the parties submitted a joint motion to stay these proceedings pending resolution of criminal proceedings against a potential fact witness, Daniel Lopez. Mr. Lopez is presently incarcerated at Kern Valley State Prison, following a conviction for second degree murder for his role as the load driver in the collision that injured Plaintiffs and killed two passengers in the load vehicle. Plaintiffs represent that Mr. Lopez may possess relevant evidence concerning the cause of the vehicle accident.

The parties jointly request a stay of the proceedings because counsel for Mr. Lopez has informed the parties herein that Mr. Lopez would invoke his Fifth Amendment privilege against self-incrimination and decline to provide deposition testimony for use at trial. Mr. Lopez continues to pursue state law appellate remedies. Counsel for Mr. Lopez purports to represent, in an unauthenticated letter, "I have advised him to invoke his Fifth Amendment privilege against self-incrimination should you attempt to depose him prior to the finality of his appeal in case number D053543." (Motion Exh. A). Other than the letter, there is no evidence that Mr. Lopez will ever

provide testimony.

The court denies the joint motion for a stay. A stay is an extraordinary remedy reserved for "really extraordinary causes." Cheny v. United States Dist. Ct. For D.C., 542 U.S. 367, 380 (2004). Here, the parties identify that Mr. Lopez may provide relevant testimony. However, there is no evidence in the record that Mr. Lopez is likely to ever provide testimony. The underlying assumption of the parties' joint motion is that Mr. Lopez will provide testimony upon finalizing Mr. Lopez's appeal pending before the California Court of Appeal, anticipated by April 2010. (Motion at p.3). However, if finality is the yardstick, the court notes that finality may indeed be years away with respect to Mr. Lopez's criminal appeals. Upon exhaustion of his appeal before the California Court of Appeal, Mr. Lopez may then seek review before the California Supreme court and then proceed with collateral proceedings, state habeas corpus proceedings followed by federal habeas corpus proceedings. This process routinely takes several years - during which time memories of presently identified and available percipient witnesses may fade. In light of the present record, the court concludes that the parties fail to make a sufficient evidentiary showing for the imposition of a stay.

In sum, the joint motion for a stay of proceedings is denied. (Docket No. 22). The court also vacates the pretrial and trial dates set forth in the November 3, 2009 Amended Case Management Order and instructs the parties to contact the chambers of Magistrate Judge McCurine to reschedule all pretrial and trial dates. The court anticipates that this case proceed to trial by the end of 2010.

**IT IS SO ORDERED.**

DATED: February 18, 2010

                                              Hon. Jeffrey T. Miller
                                              United States District Judge

cc:        All parties